UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO P.,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN,GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>　　　　　　Respondents. | No. 1:26-cv-04625-RLP<br><br>ORDER GRANTING HABEAS PETITION |

Before the Court is Petitioner Pedro P.'s [1] ("Petitioner") petition for writ of

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER GRANTING HABEAS PETITION ~ 1

habeas corpus, ECF No. 1, and applications for temporary restraining order, ECF Nos. 4 and 10. Petitioner challenges the lawfulness of his civil detention and seeks immediate release or, alternatively, a bond hearing. In opposition, Respondent contends Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2). ECF No. 9. The Court disagrees. Accordingly, and as discussed below, Petitioner's petition for habeas corpus is granted.

## BACKGROUND

Petitioner states that he entered into the United States almost 20 years ago. ECF No. 1 at 4. He has a wife, a 9-year-old daughter and 6-month-old son. *Id*. He has no criminal history. *Id*.

On March 27, 2026, Border Patrol Agents from the Dania Beach Border Patrol Station and the Miami Border Patrol Tactical Unit ran license plates of vehicles traveling between Fort Lauderdale, Florida and Pompano Beach, Florida. ECF No. 9-2 at 3-4. The agents stopped any vehicle whose registered owner was found to be in the United States illegally. *Id*.

Petitioner was stopped pursuant to this scheme. *Id*. Agents conducted a record check and determined that Petitioner lacked lawful status. *Id*. He was taken Dania Beach Border Patrol Station for further investigation and processing. *Id*. He

ORDER GRANTING HABEAS PETITION ~ 2

was served with a Notice to Appear, with a hearing time set for April 8, 2026.[2]

ECF No. 9-1

## ANALYSIS

*Habeas Corpus*

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

*Fifth Amendment Due Process Clause*

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const.

---

[2] There is no record that this hearing occurred, and Respondents do not allege that it did. The Court thus assumes the hearing did not take place.

ORDER GRANTING HABEAS PETITION ~ 3

amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

a. *Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032

ORDER GRANTING HABEAS PETITION ~ 4

(N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. He has not been accused of any crime and Respondent has set forth no factual basis to restrict Petitioner's liberty. Accordingly, Court finds Petitioner has a liberty interest protected by the Constitution.

### b. Process Required

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. His liberty interest is supported by his lack of criminal history, his employment and his ability to provide for his family. He has been transferred to six different detention facilities in just two months. Respondent has failed to provide any personalized explanation for his continued detention. Accordingly, this factor

ORDER GRANTING HABEAS PETITION ~ 5

weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received any bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner alleges that he has received virtually no procedural safeguards, which Respondent does not dispute. *Hernandez*, 872 F.3d 976. Nor does Respondent claim Petitioner is a danger to the public or a flight risk. In fact, Petitioner has no criminal history and appears to have complied with his release conditions.

As to the third factor, Respondent has not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for

ORDER GRANTING HABEAS PETITION ~ 6

Respondent and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Because the *Matthews* factors weigh in favor of Petitioner, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. Having received neither, Petitioner's continued detention violates the Fifth Amendment Due Process Clause.

Having found due process requires Petitioner's immediate release, the Court need not analyze the issue of whether the INA was violated. However, this Court joins countless other courts in concluding Respondent's argument that 1225(b) mandates Petitioner's continued detention without a bond hearing "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).

**Accordingly, IT IS ORDERED:**

1. The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED.**

2. The motion to appoint counsel, **ECF No. 3**, is **DENIED as moot.**

3. The motions for temporary restraining orders, **ECF Nos. 10** and **4,** are

ORDER GRANTING HABEAS PETITION ~ 7

**DENIED as moot.**

4.  Respondent must **IMMEDIATELY RELEASE** Petitioner (A # 240398203) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on him as a condition of his release. Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.

5.  Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

6.  The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has

ORDER GRANTING HABEAS PETITION ~ 8

not established a need to impose a security bond.

**IT IS SO ORDERED.** Judgment shall be entered in favor of Petitioner and a copy of this order shall be transmitted to Petitioner by mail.

DATED July 30, 2026



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION ~ 9